UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CALVIN BRADLEY,**

   **Plaintiff,**

v.             Civil Action 2:25-cv-959
                Chief Judge Sarah D. Morrison
                Magistrate Judge Chelsey M. Vascura

**MATTHEW EICHHORN,** *et al.*,

   **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

  Plaintiff, Calvin Bradley, an Ohio resident proceeding without the assistance of counsel, sues the Washington County Sheriff's Department,[1] two of its officers, and the City of Belpre, Ohio, under 42 U.S.C. § 1983 for violation of his Fourth and Fourteenth Amendment rights. Plaintiff has submitted a request to proceed *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

  This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-2) as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Plaintiff's Complaint alleges that Defendants were "Washington County Police" officers, but Washington County has a Sheriff's Department, not a police department. *See* https://www.washingtoncountysheriff.org/, last visited September 9, 2025.

immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, Plaintiff **MAY PROCEED** on Counts I, II, III, and V of his Complaint against Defendants Eichhorn and Peters for damages in their individual capacities, but for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's remaining claims under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

## I. BACKGROUND

Plaintiff alleges that on August 5, 2024, he was a passenger in a ride share vehicle that was pulled over by officers of the Washington County Sheriff's Department, Defendants Matthew Eichhorn and Justin Peters, for speeding. Despite Plaintiff's assertion that he did not, as a mere passenger, wish to participate in the traffic stop, Eichhorn and Peters conducted a K-9 search of the vehicle, and the dog was allegedly manipulated to hit on the window nearest Plaintiff. Plaintiff asserts that the dog was a marijuana-trained K-9 whose use is no longer permitted after the passage of Ohio Issue 2 in November 2023, which legalized possession of recreational marijuana.

The officers then ordered the driver and Plaintiff to exit the vehicle. Plaintiff was subjected to a soft pat down, after which one of the officers attempted a second, more invasive pat down, to which Plaintiff objected. Plaintiff then attempted to exit the scene. The officers gave chase and apprehended Plaintiff, punching him multiple times in the process. Upon a subsequent search of Plaintiff's person, the officers found "an illegal substance" in Plaintiff's possession. According to the docket for *State of Ohio v. Bradley*, 24 CR 000567, currently pending in the Court of Common Pleas for Washington County, Ohio, charges of trafficking and possession of

cocaine and fentanyl, as well as failure to comply with an order or signal of police, remain pending against Plaintiff.[2]

Plaintiff's Complaint advances seven counts under 42 U.S.C. § 1983: (I) unlawful seizure and detention, (II) unlawful search without consent, (III) false imprisonment, (IV) racial discrimination and profiling, (V) unlawful arrest without probable cause, (VI) municipal liability against the City of Belpre, Ohio, and the Washington County Sheriff's Department, and (VII) unlawful search and seizure via the improper use of a marijuana-trained K-9. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and declaratory and injunctive relief. (Compl., ECF No. 1-2.)

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \* \* \*

---

[2] This Court properly takes judicial notice of the state-court dockets relating to Plaintiff's state-court criminal proceedings pursuant to Federal Rule of Evidence 201(b). *Cf. Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("Although typically courts are limited to the pleadings when faced with a motion [to dismiss], a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment.").

  (B) the action or appeal—

   (i) is frivolous or malicious; [or]

   (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

  To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

  Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504

(citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. ANALYSIS

Having conducted the initial screen of Plaintiff's Complaint, Plaintiff may proceed on Counts I, II, III, and V of his Complaint against Defendants Eichhorn and Peters for damages in their individual capacities. The undersigned recommends that the remaining claims be dismissed.

First, Plaintiff's claims for declaratory and injunctive relief (against all Defendants) must be dismissed. "When seeking declaratory and injunctive relief, a plaintiff must show actual present harm or a significant possibility of future harm in order to demonstrate the need for preenforcement review." *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997). In other words, "[p]ast harm allows a plaintiff to seek damages, but it does not entitle a plaintiff to seek injunctive or declaratory relief." *Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396, 406 (6th Cir. 2019). Plaintiff does not allege any ongoing or likely future violations of his constitutional rights. His claims for declaratory judgment and injunctive relief must therefore be dismissed.

Further, as Plaintiff is proceeding without the assistance of counsel, his claims for attorney's fees are not viable. *See Wright v. Crowell*, 674 F.2d 521, 522 (6th Cir. 1982) ("a pro se litigant is not entitled to an award of attorney fees under 42 U.S.C. § 1988.").

Moreover, Plaintiff has not stated a claim against the City of Belpre, Ohio. Although Plaintiff alleges that the incident underlying his claims occurred in Belpre, Ohio, the officers

5

involved were officers of the Washington County Sheriff's Department. Plaintiff's Complaint does not make any allegations against the City of Belpre, its agents, or its employees. Any claims against the City of Belpre, Ohio, must therefore be dismissed.

Plaintiff also has not stated a claim for municipal liability against the Washington County Sheriff's Department. To begin, the Washington County Sheriff's Office is not an appropriate Defendant because, as a county department, it is not *sui juris*—that is, it lacks the capacity to be sued. *See*, *e.g.*, *Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (affirming district court's holding that sheriff's department, as arm of the county, is not *sui juris*). Plaintiff's claims against the Washington County Sheriff's Office must therefore be dismissed.

But even if the Court were to liberally construe Plaintiff's Complaint to advance claims against Washington County through its Board of Commissioners, *see* Ohio Revised Code § 305.12, those claims could not survive. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom.") (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v.*

6

*Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)). Here, Plaintiff alleges that the Washington County Sheriff's Department is liable for its officers' conduct, but states only that the Washington County Sheriff's Department is responsible for a pattern or custom of racial profiling and illegal searches, a failure to train officers on passengers' Fourth Amendment rights, and allowing misconduct to go unchecked. (Compl., ECF No. 1-2, PAGEID #9–10.) But these allegations do not contain any *facts* on which this Court could rely to plausibly infer that Eichhorn's and Peters's allegedly unlawful conduct was the result of a county custom or policy. That is, "[h]e offers only . . . bare legal conclusions which the Court properly disregards." *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 651 (S.D. Ohio 2023) (dismissing a claim for *Monell* liability due to conclusory allegations); *see also Assi v. Hanshaw*, 625 F. Supp. 3d 722, 750 (S.D. Ohio 2022) (dismissing a claim for *Monell* liability because it was "simply too conclusory to survive"). Accordingly, any claims against Washington County must be dismissed.

Further, to the extent that Plaintiff sues Eichhorn or Peters in their official capacities, those claims also fail. A suit against a government official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). But, as just discussed, Plaintiff has not stated a claim against the relevant entities (Washington County or the Washington County Sheriff's Office). Plaintiff's official-capacity claims against Eichhorn and Peters must therefore be dismissed.

All that remain are Plaintiff's individual-capacity claims for damages against Officers Eichhorn and Peters. As noted above, Plaintiff may proceed on these claims under Counts I, II,

III, and V. However, the allegations underlying Plaintiff's Count IV, for racial discrimination and profiling, are too conclusory to state a claim. Plaintiff alleges only that Defendants' conduct "constituted unlawful racial profiling" and that Plaintiff, "[a]s a Black man," was "singled out and targeted by Detectives Eichhorn and Peter for invasive, non-consensual searches that would not have occurred but for his race." (Compl., ECF No. 1-2, PAGEID #8.) Plaintiff does not identify the race of his ride share driver or the officers involved. Indeed, the Complaint contains no facts related to possible racial profiling other than that Plaintiff is Black. These are precisely the kind of "naked assertion[s] devoid of further factual enhancement" that do not suffice under *Iqbal*. *See* 556 U.S. at 678. Plaintiff's Count V for racial discrimination and racial profiling must therefore be dismissed.

      Finally, Plaintiff's Count VII, for unlawful search and seizure by means of improper use of a marijuana-trained K-9, must also be dismissed. The Court could locate no support for the inability of law enforcement officers to rely on marijuana-trained canines, even after marijuana legalization. *Cf. State v. Bowen*, 2023 WL 4266350, *7 (Ohio Ct. App. June 29, 2023) (rejecting a criminal defendant's argument that "because some forms and amounts of marijuana are now legal in Ohio, the sniff by Andor, a canine trained to alert to the presence of marijuana, among other substances, did not give officers probable cause to search the vehicle").

      Plaintiff's assertions to the contrary lack merit. Plaintiff contends that "recently, Ohio appellate courts have clarified that after legalization [of recreational marijuana in Ohio via state ballot initiative in November 2023], a K-9 alert alone cannot provide probable cause where the dog was trained to detect marijuana." (Compl., ECF No. 1-2, PAGEID #7.) Plaintiff cites two purported Ohio appellate court decisions for this proposition: "*State v. Parker*, 2018-Ohio-4210, 2d Dist.; *State v. Gonzales*, 2016-Ohio-8319, 6th Dist." But neither of these citations lead to

8

apposite cases, or indeed, the cases indicated by Plaintiff. 2018-Ohio-4210 is a citation to *State v. Coleman*, an Eighth District criminal appeal that has nothing to do with drug-sniffing dogs or marijuana. 2016-Ohio-8319 does lead to a case titled *State v. Gonzalez*, but it is an Ohio Supreme Court decision, not a Sixth District decision, and again, has nothing to do with dogs or the legalization of marijuana.[3] And, perhaps more importantly, these 2016 and 2018 cases can have nothing to say about the effect of a change in the law in 2023. As the use of marijuana-trained canines does not appear to be a legitimate basis for invalidating a Fourth Amendment search, Plaintiff's Count VII must be dismissed.

## IV. DISPOSITION

Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff **MAY PROCEED** on Counts I, II, III, and V of his Complaint against Defendants Eichhorn and Peters for damages in their individual capacities, but for the reasons above, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's remaining claims under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

Plaintiff has submitted completed summons forms (Form AO-440) and a service of process by U.S. Marshal form (Form USM-285) for each of Defendants Eichhorn and Peters. (ECF Nos. 1-3, 1-4.) If Plaintiff wishes to have the United States Marshal effect service of the summons and Complaint on Defendants, Plaintiff is **DIRECTED** to submit a service copy of the Complaint for each of Defendant Eichhorn and Peters to the Clerk of Court. If Plaintiff does so,

---

[3] The Court has recently seen an influx of *pro se* filings relying on generative artificial intelligence ("AI") technology. "Generative AI, at least in its current iterations, will sometimes simply make stuff up or hallucinate quotations and/or case law." *Muhammad v. Gap Inc.*, No. 2:24-CV-3676, 2025 WL 1836657, at *14 (S.D. Ohio July 3, 2025) (cleaned up). The Court suspects that Plaintiff's inaccurate case citations may be the result of generative AI and **CAUTIONS** Plaintiff that future submissions relying on inaccurate or non-existent authorities may be grounds for sanctions.

the Clerk is **DIRECTED** to issue the summons and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendants Eichhorn and Peters the issued summons, a copy of the Complaint, and a copy of this Order and Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE