UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CALVIN BRADLEY,

    **Plaintiff,**

  v.                          Civil Action 2:25-cv-959
                                Judge Sarah D. Morrison
                                Magistrate Judge Chelsey M. Vascura

MATTHEW EICHHORN, *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Calvin Bradley, an Ohio resident proceeding without the assistance of counsel, sues Washington County, Ohio, two Washington County Sheriff's Department officers, and the City of Belpre, Ohio, under 42 U.S.C. § 1983 for violation of his Fourth and Fourteenth Amendment rights. After screening Plaintiff's original Complaint under 28 U.S.C. § 1915(e)(2), the undersigned issued an Order and Report and Recommendation on September 11, 2025, (1) granting Plaintiff's motion for leave to proceed *in forma pauperis*, (2) noting that Plaintiff may proceed on Counts I, II, III, and V of his original Complaint against Defendants Eichhorn and Peters for damages in their individual capacities, but (3) recommending that the Court dismiss Plaintiff's remaining claims under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted. (ECF No. 3.) Plaintiff did not object to that recommendation, but instead filed an Amended Complaint on September 25, 2025. (ECF No. 4.) As Plaintiff is permitted to amend his Complaint once as a matter of course under Federal Rule of Civil Procedure 15(a), Plaintiff's Amended Complaint became operative upon filing. Accordingly, the undersigned's

prior recommendation that certain of Plaintiff's claims be dismissed is **VACATED,** and this matter is before the Court for the initial screen of Plaintiff's Amended Complaint under § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. For the reasons below, it is **RECOMMENDED** that Plaintiff's Amended Complaint be **DISMISSED** for failure to state a claim under § 1915(e)(2).

## I. BACKGROUND

Plaintiff alleges that on August 5, 2024, he was a passenger in a ride share vehicle that was pulled over by officers of the Washington County Sheriff's Department, Defendants Matthew Eichhorn and Justin Peters. Despite Plaintiff's assertion that he did not, as a mere passenger, wish to participate in the traffic stop, Eichhorn and Peters conducted a K-9 search of the vehicle, and the dog was allegedly manipulated to falsely alert near Plaintiff's door. Plaintiff asserts that the dog was a marijuana-trained K-9 whose use is no longer reliable after legalization of recreational marijuana in Ohio.

The officers then ordered Plaintiff to exit the vehicle. Plaintiff was subjected to a soft pat down, after which one of the officers attempted a second, more invasive pat down, to which Plaintiff objected. Plaintiff then attempted to exit the scene. The officers gave chase and apprehended Plaintiff, physically striking him multiple times in the process. Plaintiff was arrested, and an "alleged controlled substance was recovered only after the unlawful seizure." (Am. Compl., ECF No. 4, PAGEID #47.) According to the docket for *State of Ohio v. Bradley*, 24 CR 000567, currently pending in the Court of Common Pleas for Washington County, Ohio,

charges of trafficking and possession of cocaine and fentanyl, as well as failure to comply with an order or signal of police, remain pending against Plaintiff.[1]

Plaintiff's Complaint advances eight counts under 42 U.S.C. § 1983: (I) unlawful seizure and detention, (II) unlawful search without consent, (III) false imprisonment, (IV) racial profiling and discrimination, (V) unlawful arrest without probable cause, (VI) municipal liability against Washington County, (VII) municipal liability against the City of Belpre, Ohio, and (VIII) unlawful search and seizure via manipulated K-9. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and declaratory and injunctive relief. (Am. Compl., ECF No. 4.)

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>    \* \* \*

---

[1] This Court properly takes judicial notice of the state-court dockets relating to Plaintiff's state-court criminal proceedings pursuant to Federal Rule of Evidence 201(b). *Cf. Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("Although typically courts are limited to the pleadings when faced with a motion [to dismiss], a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment.").

  (B) the action or appeal—

   (i) is frivolous or malicious; [or]

   (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

  To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

  Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504

4

(citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. ANALYSIS

All of Plaintiff's claims must be dismissed. First, Plaintiff's claims for declaratory and injunctive relief fail. "When seeking declaratory and injunctive relief, a plaintiff must show actual present harm or a significant possibility of future harm in order to demonstrate the need for preenforcement review." *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997). In other words, "[p]ast harm allows a plaintiff to seek damages, but it does not entitle a plaintiff to seek injunctive or declaratory relief." *Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396, 406 (6th Cir. 2019). Plaintiff does not allege any ongoing or likely future violations of his constitutional rights. His bare allegation that the same officers that pulled over his vehicle are likely to do so again in the future do not suffice. *See Iqbal*, 556 U.S. at 678. Further, as explained below, Plaintiff has not sufficiently alleged that the conduct he seeks to enjoin or declare unconstitutional was, in fact, unlawful. His claims for declaratory judgment and injunctive relief must therefore be dismissed.

Next, as Plaintiff is proceeding without the assistance of counsel, his claims for attorney's fees are not viable. *See Wright v. Crowell*, 674 F.2d 521, 522 (6th Cir. 1982) ("a pro se litigant is not entitled to an award of attorney fees under 42 U.S.C. § 1988."). To the extent that Plaintiff purports to "[r]eserve [his] right to attorney's fees under 42 U.S.C. § 1988 should counsel later appear," that eventuality is not presently before the Court.

Moreover, Plaintiff has not stated a claim against the City of Belpre, Ohio. Although Plaintiff alleges that the incident underlying his claims occurred in Belpre, the officers involved were officers of the Washington County Sheriff's Department. Plaintiff's Complaint does not make any allegations against the City of Belpre, its agents, or its employees. Plaintiff states only that Belpre "allowed Washington County deputies to police within city limits without supervision or safeguards, permitting unconstitutional practices." But as a township within Washington County, Belpre has no authority to exclude or supervise County officials. Any claims against the City of Belpre, Ohio, must therefore be dismissed.

And although it was officers of Washington County who arrested Plaintiff, Plaintiff's *Monell* claims against Washington County are not viable. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom.") (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)). Here, Plaintiff alleges that Washington County is liable for its officers'

conduct, but states only in a conclusory manner that the County failed to train its officers, permitted marijuana-trained K-9s post-legalization, tolerated racial profiling and excessive force, and ratified misconduct by failing to discipline deputies. (Am. Compl., ECF No. 4, PAGEID #48.) These allegations do not contain any *facts* on which this Court could rely to plausibly infer that Eichhorn's and Peters's allegedly unlawful conduct was the result of a county custom or policy. That is, "[h]e offers only . . . bare legal conclusions which the Court properly disregards." *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 651 (S.D. Ohio 2023) (dismissing a claim for *Monell* liability due to conclusory allegations); *see also Assi v. Hanshaw*, 625 F. Supp. 3d 722, 750 (S.D. Ohio 2022) (dismissing a claim for *Monell* liability because it was "simply too conclusory to survive"). Accordingly, any claims against Washington County must be dismissed.

Further, to the extent that Plaintiff sues Eichhorn or Peters in their official capacities, those claims also fail. A suit against a government official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Ky. v. Graham*, 473 U.S. 159, 166 (1985). But, as just discussed, Plaintiff has not stated a claim against the relevant entity (Washington County). Plaintiff's official-capacity claims against Eichhorn and Peters must therefore be dismissed.

All that remain are Plaintiff's individual-capacity claims for damages against Officers Eichhorn and Peters. But, again, Plaintiff's allegations against these officers fail to state a claim. The essence of Plaintiff's claims against these officers is that they improperly used a marijuana-trained K-9 dog whose use is unreliable after legalization of recreational marijuana in Ohio, making any subsequent search, seizure, or arrest unlawful. But the Court could locate no support for the inability of law enforcement officers to rely on marijuana-trained canines, even after

7

marijuana legalization. *Cf. State v. Bowen*, 2023 WL 4266350, *7 (Ohio Ct. App. June 29, 2023) (rejecting a criminal defendant's argument that "because some forms and amounts of marijuana are now legal in Ohio, the sniff by Andor, a canine trained to alert to the presence of marijuana, among other substances, did not give officers probable cause to search the vehicle"). Thus, because the use of marijuana-trained canines does not appear to be a legitimate basis for invalidating a Fourth Amendment search, there was nothing inherently unlawful about Defendants' search or seizure of Plaintiff after the K-9 hit on Plaintiff's door. And Plaintiff's bare allegation that the dog was "manipulated" to hit on Plaintiff fails to raise a plausible inference of any wrongdoing by Defendants. *See Iqbal*, 556 U.S. at 678.

Further, Plaintiff's allegations of racial discrimination and profiling are too conclusory to state a claim. Plaintiff alleges only that "Plaintiff, a Black man, was singled out for repeated searches and physical violence." (Am. Compl., ECF No. 4, PAGEID #47.) Although Plaintiff alleges that his white ride share driver was not searched or subjected to violence, Plaintiff fails to account for the fact that his driver did not generate a K-9 hit or attempt to exit the scene. Thus, Plaintiff and his driver were not similarly situated, and Plaintiff's allegations of racial profiling are precisely the kind of "naked assertion[s] devoid of further factual enhancement" that do not suffice under *Iqbal*. *See* 556 U.S. at 678.

## IV. DISPOSITION

For these reasons, the portion of the undersigned's September 11, 2025 Order and Report and Recommendation (ECF No. 3) that recommended dismissal of portions of Plaintiff's original Complaint is **VACATED**. For clarity, the portion of that Order and Report and Recommendation that granted Plaintiff's motion for leave to proceed *in forma pauperis* remains in effect. It is **RECOMMENDED** that Plaintiff's Amended Complaint be **DISMISSED** for failure to state a claim under § 1915(e)(2).

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

9